# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| JOHN COVINGTON, | ] |  |
|---|---|---|
| Plaintiff, | ] | |
| vs. | ] | Case No: |
| SUTTON EXPEDITIONS d/b/a BIG BEAR RAFTING, LLC | ] | JURY DEMAND |
| Defendants. | ] | |

## COMPLAINT

Comes now the Plaintiff, John Covington, by and through counsel and for cause of action will respectfully show to the Court as follows:

## JURISDICTION & VENUE

1. This action involves the application of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3. The claims asserted in this action arose in Cocke County, Cosby, Tennessee; therefore, proper venue for this action lies within the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued and received by Plaintiff on April 4, 2023, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. John Covington ("Mr. Covington" or "Plaintiff"), is an adult male individual and citizen of the United States who resides in Grand County, Moab, Utah.

6. At all relevant times, Plaintiff was an employee of Defendant Sutton Expeditions d/b/a Big Bear Rafting, LLC ("Defendant" or "Big Bear") within the meaning of Title VII.

7. Defendant is a foreign limited liability company or similar business entity and regularly conducts business at 121 Hopkins Road, Cosby, Tennessee 37722.

## FACTUAL ALLEGATIONS

8. Big Bear hired Mr. Covington in or around April 2019.

9. Mr. Covington worked as a River Manager at Big Bear until approximately June 28, 2022.

10. Mr. Covington is a homosexual male.

11. At all times during Mr. Covington's employment, Defendant was aware of Plaintiff's sexual orientation.

12. Throughout Mr. Covington's employment, his coworkers repeatedly referred to homosexuals, including Mr. Covington, in a derogatory manner.

13. On multiple occasions, Mr. Covington's coworkers used homophobic slurs directed towards him in front of their supervisor, Daniel Sutton.

14. Mr. Sutton did nothing in response to this abusive behavior.

15. Defendant did not discipline any employee during Mr. Covington's employment for the use of homophobic slurs.

16. On or around June 28, 2022, Mr. Sutton became violently angry when the existence of homosexuals was mentioned.

17. Specifically, Mr. Sutton stated that he was "over the woke gay bullshit."

18. During this same outburst, Mr. Sutton threw a drink in Mr. Covington's direction and punched and kicked a large trash can.

19. As a result of the severe and pervasive discriminatory environment, Mr. Covington submitted his resignation on June 28, 2022.

20. Following Mr. Covington's resignation, Mr. Sutton told other employees of Defendant that he had forced Mr. Covington to quit and that the "woke gay chapter of Big Bear is closed."

21. Defendant constructively terminated Mr. Covington on or around July 28, 2022.

22. Throughout his employment, Defendant discriminated against Plaintiff on the basis of his sex.

23. Plaintiff was constructively terminated based on his sex.

### COUNT I – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2(a)(1)
### SEX DISCRIMINATION

34. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

35. Plaintiff is a male and a member of a protected class under Title VII of the Civil Rights Act.

36. Plaintiff was qualified for his position.

37. Plaintiff was subjected to disparate treatment because of his sex in violation of Title VII of the Civil Rights Act.

38. Defendant Big Bear is vicariously liable for the actions of its management and supervisors.

39. As a direct and proximate result of the actions of Defendant Big Bear set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

40. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

### **COUNT II – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2(a)(1)**
### **RETALIATION**

41. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

42. Plaintiff is a male and a member of a protected class under Title VII of the Civil Rights Act.

43. Plaintiff was qualified for his position.

44. Plaintiff was subjected to disparate treatment because of his sex in violation of Title VII of the Civil Rights Act.

45. Defendant is vicariously liable for the actions of its management and supervisors.

46. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

47. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

### **COUNT III – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2**
### **HOSTILE WORK ENVIRONMENT SEXUAL HARRASSMENT**

48. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

49. Plaintiff is a male and a member of a protected class.

50. Plaintiff was subjected to unwelcome sexual harassment in the form of verbal conduct of a sexual and harassing nature.

51. The harassment was based upon his sex.

52. The sexual harassment was sufficiently severe and pervasive to alter the terms and conditions of his employment and to create a hostile work environment.

53. Defendant is liable for its negligence.

54. As a direct and proximate result of the acts and/or omissions of Defendant set forth above, Plaintiff has suffered, is not suffering, and will continue to suffer, emotional pain and mental anguish.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(4) a tax offset to neutralize the tax burden of any award;

(5) attorney's fees, interest and costs; and

(6) any such other legal or equitable relief as may be appropriate or to which he may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

**/s/ Lauren Irwin**
**JONATHAN A. STREET, BPR No. 021712**
**LAUREN IRWIN, BPR No. 038433**

1720 West End Ave., Ste. 402
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*